HIGGINS, Justice
 

 (dissenting).
 

 As stated in the majority opinion, when there is not any evidence to sustain the verdict of the jury, a question of law is presented because an accused cannot be lawfully convicted without proof of his guilt. Therefore, if the State failed to offer any evidence to show that the alleged burglary was committed at night, the verdict of the jury is illegal and this Court has the authority and jurisdiction to annul it. The record in the instant case is barren of any evidence tfc show that the alleged offense was committed at night. On the contrary, the State’s proof shows that it occurred during the daytime. Consequently, the verdict is illegal because it is not sustained by any evidence. The crime of burglary in the nighttime as distinguished from burglary in the daytime is punished much more severely than the latter and hence the accused has a substantial legal reason for complaining.
 

 
 *614
 
 Even giving the State the full benefit of the latest possible time set by its only witness at
 
 7
 
 o’clock in the evening while “It was just getting dark”, the testimony instead of tending to show that the alleged offense was committed at nighttime, establishes the irrefutable fact that the alleged burglary occurred in the daytime.
 

 The mere fact that the judge of the trial court might have properly charged the jury on the law with reference to burglary in the nighttime and burglary in the daytime has no significance whatever with reference to the issue presented. The judge could not comment on the facts and he was obliged to instruct the jury on the law with reference to both of these offenses. The accused was charged with burglary in the nighttime and a verdict of guilty of burglary in the daytime, a lesser offense, would have been responsive. The question before the Court is whether or not there is any evidence in the record to prove that the alleged burglary was committed at night. The State’s sole and only witness made the statement that the accused returned to the apartment at night but, immediately thereafter, she stated that he entered the apartment between 6 and
 
 7
 
 o’clock in the evening when “it was just getting dark”. She repeated this statement on cross-examination and redirect examination. It is obvious that she qualified her first general statement by specific information, which conclusively shows that the alleged burglary happened in the daytime and not in the nighttime.
 

 For these reasons, I respectfully dissent.